IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ronald I. Paul, ) | C/A NO. 3:13-1852-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| South Carolina Department of ) | |
| Transportation; Paul D. de Holczer, Esq., ) | |
| individually and as a partner of the law ) | |
| Firm of Moses Koon & Brackett PC; ) | |
| G.L. Buckles, as Personal Representative of ) | |
| the Estate of Keith J. Buckles and G.L. ) | |
| Buckles; Michael H. Quinn, individually ) | |
| and as Senior lawyer of Quinn Law Firm ) | |
| LLC; J. Charles Ormond, Jr., Esq., ) | |
| individually and as a partner of the Law ) | |
| Firm of Holler, Dennis, Corbett, Ormond, ) | |
| Plante & Garner; Oscar K. Rucker, in his ) | |
| individual capacity as Director, Rights of ) | |
| Way South Carolina Department of ) | |
| Transportation; Macie M. Gresham, in ) | |
| her individual capacity as Eastern ) | |
| Region Right of Way Program Manager, ) | |
| South Carolina Department of ) | |
| Transportation; Natalie J. Moore, in her ) | |
| individual capacity as Assistant Chief ) | |
| Counsel, South Carolina Department of ) | |
| Transportation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On September 6, 2013, the Magistrate Judge issued a Report recommending that

1

Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. Dkt. No. 10. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on September 16, 2013. Dkt. No. 13.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

As explained in the Report, the allegations in Plaintiff's Complaint are almost identical to those raised by Plaintiff in Civil Action Nos. 3:12-1036-CMC-PJG and 3:13-367-CMC-PJG, which were both dismissed without prejudice for failure to state a claim.[1]  Plaintiff's claim arises out of a

---

[1] The Report highlights the allegations that did not appear in any of Plaintiff's prior complaints before this court:

> Paul has attempted to address the court's concern about his conclusory allegations. He points to Keith Buckles's statement that the settlement agreement required Keith Buckles to aid SCDOT in its claims against the premises. He claims that, prior to the September 2004 roster meeting, the defendants met, schemed and

2002 condemnation of property that Plaintiff was renting and subsequent litigation. Plaintiff alleges a civil conspiracy claim under 42 U.S.C. § 1983 against Defendants based on their involvement in the state condemnation proceedings. Dkt. No. 1 (Compl.).

The Report recommends that this action be dismissed without issuance and service of process because Plaintiff once again fails to state a claim upon which relief can be granted. Plaintiff objects to the Magistrate Judge's finding that Plaintiff's Complaint fails to state a claim.

Plaintiff's Complaint differs from his prior complaints in that he alleges that Defendants bribed Judge Lee and Judge Lloyd. Plaintiff, however, has not pleaded with any specificity the nature of the bribe. In fact, Plaintiff's allegations do not suggest bribery. Plaintiff alleges that Defendants met prior to a hearing with the purpose of conspiring to mislead and bribe Judge Lee. At the hearing, Defendants told Judge Lee that a settlement had been reached. These facts suggests that the parties were working towards a settlement, not that the parties bribed Judge Lee. Further, Plaintiff alleges that Judge Lloyd granted a motion, which indicates Defendants bribed Judge Lloyd. As the Report explains, Plaintiff's allegations do not suggest that Defendants bribed state court

---

conspired to mislead and bribe Judge Lee. Paul interprets Ormond's advice to him as evidence that Ormond was a co-conspirator. Paul contends that, prior to the hearing before Judge Lloyd, the parties met, schemed and conspired to mislead and bribe Judge Lloyd. He finds further evidence of the conspiracy in the defendants' motion to "issue a predetermined order of the settlement agreement" and their statements that Paul agreed with its terms. According to Paul, Judge Lloyd's granting of the motion is evidence that the defendants bribed the judge. Finally, Paul asserts that the defendants conspired to have the settlement proceeds disbursed and to file an injunction against him to preclude him from taking further action in Case 4800.

Report at 9-10.

3

judges as part of a civil conspiracy to deny him a right to just compensation for his leasehold interest in property.

After conducting a *de novo* review as to Plaintiff's objections to the Report, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

## CONCLUSION

For reasons stated in the Report, this matter is dismissed without prejudice and without issuance and service of process on Defendants.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 21, 2013