IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ronald I. Paul, ) | C/A NO. 3:13-1852-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| South Carolina Department of ) | |
| Transportation; Paul D. de Holczer, Esq., ) | |
| individually and as a partner of the law ) | |
| Firm of Moses Koon & Brackett PC; ) | |
| G.L. Buckles, as Personal Representative of ) | |
| the Estate of Keith J. Buckles and G.L. ) | |
| Buckles; Michael H. Quinn, individually ) | |
| and as Senior lawyer of Quinn Law Firm ) | |
| LLC; J. Charles Ormond, Jr., Esq., ) | |
| individually and as a partner of the Law ) | |
| Firm of Holler, Dennis, Corbett, Ormond, ) | |
| Plante & Garner; Oscar K. Rucker, in his ) | |
| individual capacity as Director, Rights of ) | |
| Way South Carolina Department of ) | |
| Transportation; Macie M. Gresham, in ) | |
| her individual capacity as Eastern ) | |
| Region Right of Way Program Manager, ) | |
| South Carolina Department of ) | |
| Transportation; Natalie J. Moore, in her ) | |
| individual capacity as Assistant Chief ) | |
| Counsel, South Carolina Department of ) | |
| Transportation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's "motion for reconsideration with leave to amend" pursuant to Rules 59(e) and 15(a) of the Federal Rules of Civil Procedure. Dkt. No. 19. Plaintiff seeks relief from the court's order adopting the Report and Recommendation ("Report") issued by United States Magistrate Judge Paige J. Gossett, and dismissing Plaintiff's Complaint

1

without prejudice. Dkt. No. 15. Plaintiff argues that the court should grant his motion to reconsider to correct a clear error of law and allow him to amend his Complaint. Plaintiff argues that (1) the court prematurely dismissed his Complaint without providing him an opportunity to amend his complaint; (2) his Complaint states a claim of civil conspiracy under 42 U.S.C. § 1983; and (3) his proposed Amended Complaint states a claim of civil conspiracy.

Rule 59 motions to alter or amend a judgment are disfavored. The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Id.* (citing *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff argues that the court committed an error of law by denying his Complaint because it states a claim of civil conspiracy under 42 U.S.C. § 1983. Having identified no error of law, the court denies Plaintiff's motion to reconsider.

Plaintiff also seeks leave to amend his Complaint, and attaches a proposed Amended Complaint. His proposed Amended Complaint purports to add elements that were lacking in his Complaint, which were identified by the court as grounds for dismissal. However, the court cannot consider his motion to amend his Complaint unless the judgment is vacated. *See Calvary Christian Center v. City of Fredericksburg*, 710 F.3d 536 (4th Cir. 2013) ("a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated"). The court, having denied Plaintiff's motion to reconsider, has not vacated the judgment.

2

Even were this court to consider Plaintiff's proposed Amended Complaint, the court would deny Plaintiff's motion to amend because the proposed amendments are futile. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered – for prejudice, bad faith, or futility."). Although twelve pages longer, Plaintiff's proposed Amended Complaint is substantially similar to the Complaint. The most notable difference is that Plaintiff proposes to add a defendant, "Reginald I. Lloyd, in his individual capacity as Circuit Court Judge, Court of Common Pleas 5th Circuit."

As the United States Supreme Court has explained, "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (internal quotations omitted). Plaintiff, therefore, cannot maintain an action for damages under § 1983 against Reginald Lloyd for his judicial decisions or acts performed during his judicial capacity. Although Plaintiff also purports to seek declaratory relief, Plaintiff seeks a declaration that Reginald Lloyd violated his rights in the past. Such declaratory relief is not available under the Declaratory Judgment Act.[1] The court, therefore, finds that amending the Complaint to add Reginald Lloyd as a defendant would be futile because he would be dismissed.

---

[1] "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.*

Plaintiff's proposed Amended Complaint fails for the same reason as his Complaint: Plaintiff's conclusory allegations lack factual support. Plaintiff's motion to reconsider with leave to amend is, therefore, denied.

**IT IS SO ORDERED.**

                                      S/ Cameron McGowan Currie
                                      CAMERON MCGOWAN CURRIE
                                      Senior United States District Judge

Columbia, South Carolina
November 19, 2013