IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ronald I. Paul, ) | C/A No. 3:13-1852-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| South Carolina Department of ) | |
| Transportation; Paul D. de Holczer, ) | |
| individually and as a partner of the law ) | |
| Firm of Moses Koon & Brackett PC; ) | |
| Iiene A. Buckles, as Personal ) | |
| Representative of the Estate of G.L. ) | **SUPPLEMENTAL** |
| Buckles individually and Iiene A. Buckles ) | **REPORT AND RECOMMENDATION** |
| Individually, G.L. Buckles, as Personal ) | |
| Representative of the Estate of Keith J. ) | |
| Buckles and G.L. Buckles individually ) | |
| personal representative Keith J. Buckles; ) | |
| Michael H. Quinn, individually and as ) | |
| senior lawyer of Quinn Law Firm LLC; ) | |
| J. Charles Ormond, Jr., individually and as ) | |
| partner of the Law Firm of Holler, Dennis, ) | |
| Corbett, Ormond, Plante & Garner; Oscar ) | |
| K. Rucker, in his individual capacity as ) | |
| Director, Rights of Way South Carolina ) | |
| Department of Transportation; Macie M. ) | |
| Gresham, in her individual capacity as ) | |
| Eastern Region Right of Way Program ) | |
| Manager, South Carolina Department of ) | |
| Transportation; Natalie J. Moore, in her ) | |
| individual capacity as Assistant Chief ) | |
| Counsel, South Carolina Department of ) | |
| Transportation; Reginald I. Lloyd, in his ) | |
| individual capacity as Circuit Court Judge, ) | |
| Richland County Court of Common Pleas ) | |
| 5th Circuit, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court following remand from the United States Court of Appeals for the Fourth Circuit for consideration and review of Paul's Amended Complaint filed on June 5, 2014. This matter has been referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. For the reasons that follow, the court concludes that the Amended Complaint in this matter should be summarily dismissed without prejudice and without issuance and service of process.

## I.     Factual and Procedural Background

The Complaint in this case alleged nearly identical claims to those raised by Paul in Civil Action Nos. 3:12-1036-CMC-PJG [hereinafter Paul I] and 3:13-367-CMC-PJG [hereinafter Paul II], which were both dismissed without prejudice for failure to state a claim.[1]  As explained in the previous cases, Paul's claims arise out of the 2002 condemnation of land that Paul was renting and the subsequent litigation. Paul filed this action against the above defendants alleging that their actions in the condemnation litigation constituted a civil conspiracy to violate Paul's constitutional rights. The court issued an order dismissing Paul's Complaint on October 21, 2013, without prejudice and without issuance and service of process for failure to state a claim upon which relief could be granted. (ECF No. 15.)  Paul filed a motion for reconsideration of the court's order with leave to amend the Complaint. (ECF No. 19.)  The court denied Paul's motion for reconsideration with leave to amend and found that the proposed amendments were futile because Paul still failed to state a claim upon which relief could be granted. (ECF No. 21.)  Paul filed a notice of appeal and

---

[1] A court may take judicial notice of its own books and records. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'") (citation omitted).



the United States Court of Appeals for the Fourth Circuit issued the following opinion on May 14, 2014:

> Because Paul may proceed with this action in the district court by amending his complaint to provide specific facts showing his entitlement to the relief he seeks, see Fed. R. Civ. P. 8(a), the orders he seeks to appeal are neither final orders nor appealable interlocutory or collateral orders.  See Domino Sugar Corp. v. Sugar Workers Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993).
>
> Accordingly, we dismiss the appeal for lack of jurisdiction.  We grant Paul's motions to file supplemental briefs and deny his motion for summary reversal, as amended.

(ECF No. 28.)  The Fourth Circuit issued the mandate in this action on June 5, 2014, and Paul filed an Amended Complaint on that same date.  (ECF Nos. 29, 30.)  The assigned district judge directed the Clerk of Court to reopen the matter and again referred the case to the assigned magistrate judge for pre-trial proceedings.

Paul's Amended Complaint adds two defendants to this case:  Iiene A. Buckles and Reginald I. Lloyd.  (ECF No. 30 at 1.)  Paul identifies Iiene A. Buckles as personal representative of the estate of G.L. Buckles, who is now deceased.  (Id. at 7, 11.)  Defendant Lloyd is identified as a South Carolina Circuit Court Judge.[2]  (Id. at 10.)  As in the original Complaint, Paul's Amended Complaint alleges that:  (1) he suffered loss in that he was not paid just compensation for his property; (2) he was deprived of his constitutional right to due process because state officials and private individuals failed to follow statutorily established and controlled procedural guidelines; (3) he was deprived of his federal and state rights to trial by jury and to have expert witnesses testify in his behalf; (4) the defendants bribed Judge Lloyd; and (5) the defendants conspired to deprive Paul of the equal protection of the laws.  (Id. at 57-68.)  Paul's Amended Complaint further alleges a violation of his

---

[2] Although Defendant Lloyd has resigned from the bench, he was a state circuit judge at all times relevant to Paul's Amended Complaint.



right to due process based on perjured testimony presented by the defendants in state court and their alleged attempts to mislead Judge Lloyd. (Id. at 59.) Paul also appears to assert that his *pro se* status, property, and property rights render him "a distinct 'class-based subject' of the Court" and that the allegations show that the defendants acted with "a class-based, invidiously discriminatory animus." (Id. at 60.) He seeks declaratory judgments and asks this court to award actual, consequential, special and punitive damages, fees and expenses. (Id. at 70-73.)

## II.  Discussion

### A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which



the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); see also Mallard v. U.S. Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

**B.    Analysis**

As in Paul I, Paul II, and Paul's originally filed Complaint in this action, the Amended Complaint alleges that the defendants conspired to deprive him of the subject property without just compensation. To prevail on any claim pursuant to § 1983, a plaintiff must show: (1) that he was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. It appears that Paul's Amended Complaint attempts to cure the defects of his Complaint and the defects in the Complaints filed in Paul's previous cases. However, as discussed below, Paul has again failed to state a claim upon which this court can grant relief.

1. **Immune Defendants**

    a. **South Carolina Department of Transportation ("SCDOT")**

As Paul was advised in Paul I and the originally issued Report and Recommendation in this case, SCDOT is immune from suit in federal court. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997) ("It has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As an arm of the State, SCDOT is entitled to sovereign immunity and cannot constitute a "person" under § 1983. Will, 491 U.S. at 70-71; see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (stating that absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject to suit in federal court") (quotations and citations omitted). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e).

### b. Reginald I. Lloyd

Paul's allegations against Reginald I. Loyd stem from actions taken by this defendant as a state judge in Paul's state condemnation proceedings. (ECF No. 30 at 10, 38-40.) It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. Mireless v. Waco, 502 U.S. 9, 12 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, Mireless, 502 U.S. at 11, Defendant Lloyd is entitled to summary dismissal from the instant case for claims associated with his judicial rulings in Paul's state court proceedings.

### 2. Insufficient Factual Allegations–Iiene A. Buckles

To the extent Paul sues Iiene A. Buckles as the personal representative of the estate of G.L. Buckles, the Amended Complaint provides no additional facts to state a cognizable § 1983 claim against this defendant. Further, the Amended Complaint fails to assert any factual allegations to demonstrate that Iiene A. Buckles personally participated in the violation of Paul's constitutional rights. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights). Therefore, this defendant is entitled to summary dismissal from this case.

### 3. Conspiracy/Equal Protection Claims

Paul alleges that the defendants conspired to violate his right to due process under the Fourteenth Amendment. Conduct under color of state law may be extended to private individuals who conspire with state officials to violate an individual's constitutional rights. See Tower v.



Glover, 467 U.S. 914, 920 (1984). " 'To establish a conspiracy under [42 U.S.C.] § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in [the] deprivation of a constitutional right.' " Glassman v. Arlington Cnty., 628 F.3d 140, 150 (4th Cir. 2010) (alterations in original) (quoting Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996)). The plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Hinkle, 81 F.3d at 421. His factual allegations must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan," and must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 422.

    Paul has attempted to address the court's concern about his Complaint's conclusory allegations by summarizing his conspiracy claims. (ECF No. 30 at 51-52.) The Amended Complaint appears to assert that the defendants could not have achieved success in the state court condemnation proceedings without participating in a conspiracy to deprive Paul of his constitutional rights. (Id.) Paul further claims that the overt actions of the defendants during litigation of the state court condemnation case, which are essentially the same actions discussed in the Complaint, constitute evidence that the defendants conspired against him. (Id.) However, as indicated in the previous Report and Recommendation entered in this case, the defendants' actions show only that the parties attempted to accomplish the goal of acquiring a property for use by the State and the court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); see also Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th

PJG

Cir. 2009). As Paul has again failed to demonstrate that the defendants conspired to violate his right to due process, such claims are subject to summary dismissal.

Moreover, Paul has failed to adequately allege that the defendants have deprived him of equal protection of the laws. A plaintiff alleging a violation of the Equal Protection Clause of the Fourteenth Amendment "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). While the Amended Complaint alleges that the defendants acted with a "class-based, invidiously discriminatory animus" and that Paul is a "class-based subject"[3] of the court, the Amended Complaint still contains no allegations to show that he has been treated differently from other similarly situated individuals. These conclusory statements are insufficient to plead an equal protection violation. See Iqbal, 556 U.S. at 680-81. Thus, Paul's equal protection claim has no merit and should be summarily dismissed.

---

[3] The court notes that Paul fails to provide factual allegations to demonstrate that he is a member of a protected class. To the extent Paul alleges that litigating *pro se* renders him a member of a protected class, he cites no authority to support this proposition. Further, courts addressing the issue have generally found that *pro se* litigants are not a class subject to protection under the Civil Rights Act. See Roden v. Diah, C/A No. 7:07CV00252, 2008 WL 5334309, at *9 (W.D. Va. Dec. 19, 2008) (collecting cases).

Page 9 of 11



## III.    Recommendation

Accordingly, the court recommends that the Amended Complaint (ECF No. 30) in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 29, 2014
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).