IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ronald I. Paul, | C/A NO. 3:13-1852-CMC-PJG |
|     Plaintiff, | |
| v. | **OPINION and ORDER** |
| SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION; PAUL D. DE HOLCZER, individually and as a partner of the law Firm of Moses Koon & Brackett PC; IIENE A. BUCKLES, as personal representative of the Estate of G.L. Buckles individually and Iiene A. Buckles individually, G.L. BUCKLES, as Personal Representative of the Estate of Keith J. Buckles and G.L. Buckles individually personal representative Keith J. Buckles; MICHAEL H. QUINN, individually and as senior lawyer of Quinn Law Firm LLC; J. CHARLES ORMOND, JR., individually and as a partner of the Law Firm of Holler, Dennis, Corbett, Ormond, Plante & Garner; OSCAR K. RUCKER, in his individual capacity as Director, Rights of Way South Carolina Department of Transportation; MACIE M. GRESHAM, in her individual capacity as Eastern Region Right of Way Program Manager, South Carolina Department of Transportation; NATALIE J. MOORE, in her individual capacity as Assistant Chief Counsel, South Carolina Department of Transportation; REGINALD I. LLOYD, in his individual capacity as Circuit Court Judge, Richland County Court of Common Pleas, 5th Circuit, | |
|     Defendants. | |

This matter ("*Paul III*") is the third action Plaintiff has filed in this court relating to the same underlying dispute: claims arising from a state condemnation proceeding. *See* ECF No. 10 at 2

(explaining history of related actions, C. A. No. 3:12-1036-CMC-PJG ("*Paul I*"), and C.A. No. 3:13-367-CMC-PJG ("*Paul II*")). The underlying condemnation proceeding related to a commercial property Plaintiff leased from Keith J. Buckles. ECF No. 10 at 3.

**Defendants.** Defendants named in the Original Complaint in this action, *Paul I* and *Paul II*, include the state entity that pursued the condemnation (South Carolina Department of Transportation ("the SCDOT")), three employees of the SCDOT (one identified as Assistant Chief Counsel) (collectively with the SCDOT "SCDOT Defendants"), G.L. Buckles, the personal representative of Keith J. Buckles' estate ("Landowner"), and three private attorneys who were involved in the proceeding, including Plaintiff's own attorney (collectively "Attorney Defendants"). *Id.* at 2. The Amended Complaint adds two new Defendants, Iiene A. Buckles, the personal representative of the estate of G.L. Buckles (included within the designation "Landlord"), and Reginald I. Lloyd, Esq., who served as a state court judge at times relevant to the allegations against him ("Judge Lloyd").

**Dismissal of Earlier Actions.** *Paul I* and *Paul II* were dismissed without prejudice for failure to state a claim, the first after service and on motion of Defendants, the second based on pre-service review. *See Paul I*, ECF Nos. 116, 127; *Paul II*, ECF Nos. 14, 19, 23. Both of the prior dismissals were reduced to judgment of dismissal without prejudice. *Paul I*, ECF No. 128*; Paul II*, ECF No. 20. Neither judgment was appealed.

Although the earlier dismissals were, ultimately, without prejudice, certain determinations in those actions are entitled to preclusive effect in light of Plaintiff's failure to appeal. This includes a determination that the SCDOT and the individual SCDOT Defendants were entitled to immunity from suit to the extent sued in their official capacities. Likewise, the determinations that the

allegations found in the prior complaints were insufficient to state a claim are entitled to preclusive effect. The review in this action, therefore, focuses on the extent to which allegations (most critically in the Amended Complaint) offer greater specificity or otherwise cure deficiencies noted in the orders dismissing *Paul I* and *Paul II*.[1]

**Prior Proceedings in this Action**. The Original Complaint in the current action was also dismissed after a pre-service review and that dismissal was reduced to judgment of dismissal without prejudice. ECF Nos. 10 ("Original Report"), 15 (Order), 16 (Judgment). After an unsuccessful motion to alter or amend judgment (ECF Nos. 19, 21), Plaintiff appealed the dismissal. ECF No. 23. Despite this court's entry of judgment, the Court of Appeals dismissed the appeal and remanded the matter based on its conclusion that Plaintiff could still "proceed with *this action* in the district court by amending his complaint to provide specific facts showing his entitlement to the relief he

---

[1] As noted in the report recommending and order granting dismissal of *Paul I*, Plaintiff's claims are not necessarily precluded by the *Rooker-Feldman* doctrine. *See Paul I*, ECF No. 116 at 9-11 (Report) & ECF No. 127 at 5-7; *see also Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159 (3rd Cir. 2010) (finding *Rooker-Feldman* doctrine did not bar § 1983 claim for alleged conspiracy between litigants and judge, although claim failed on other grounds). This does not, however, mean that the *Rooker-Feldman* doctrine does not *limit* Plaintiff's claims. *See Paul I*, ECF No. 127 at 6-7 (order adopting recommendation that the court find the action was "not barred by the *Rooker-Feldman* doctrine, except to the extent that Plaintiff seeks to reverse or void the state court judgments.") (emphasis added); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (clarifying that *Rooker-Feldman* doctrine applies to federal court actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced"). Other aspects of Plaintiff's claim may well be foreclosed by claim preclusion doctrines based on the state court proceedings (the condemnation proceeding, related appeals, and state court tort actions raising claims similar to those here) or earlier proceedings in this court. *Id.* This court need not, however, resolve the extent to which Plaintiff's claims may be barred by *Rooker-Feldman* or claim-preclusion because, as discussed below, Plaintiff has again failed to allege facts that support a reasonable inference of bribery or any conspiracy to violate Plaintiff's rights.

3

seeks." *Paul v. S.C. Dept. of Transportation*, Slip Op. No. 13-2431 (4th Cir. May 14, 2014) (emphasis added).

After remand, Plaintiff filed an Amended Complaint. ECF No. 30 (ECF No. 30). In light of the Fourth Circuit's remand and in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, the undersigned again referred the matter to United States Magistrate Judge Paige J. Gossett for pretrial proceedings. In particular, the court sought a Report and Recommendation ("Report") addressing whether Plaintiff's post-remand amendments cured the deficiencies noted in the prior order of dismissal and in *Paul I* and *Paul II*.

On August 29, 2014, the Magistrate Judge issued a Report recommending that Plaintiff's Amended Complaint be dismissed without prejudice and without issuance and service of process because the Amended Complaint, like earlier versions of the complaint in this and related actions, fails to state a claim on which relief may be granted. ECF No. 38 ("Supplemental Report"). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Supplemental Report on September 2, 2014. ECF No. 40.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with

instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## PRIOR REPORTS AND RULINGS IN THIS ACTION

**Original Report in *Paul III*.** As explained in the Original Report (ECF No. 10), the allegations in Plaintiff's Original Complaint in this action are almost identical to those raised in *Paul I* and *Paul II*, both of which were dismissed without prejudice for failure to state a claim. ECF No. 10 at 2.[2] In his Original Complaint in this action, Plaintiff attempted to address the concerns raised in *Paul I* and *Paul II* by pointing to (1) allegations that Keith Buckles was required, as part of his settlement with the SCDOT, to aid the SCDOT in its claims against the premises and (2) allegations that Defendants schemed and conspired to mislead and bribe Judge Allison Lee and Judge Lloyd. ECF No. 10 at 9-10.

Plaintiff also construed advice his own attorney, J. Charles Ormand Jr., Esq., ("Ormond") gave him and Ormand's motion to withdraw as counsel as evidence that Ormond was a co-conspirator. ECF No. 10 at 9. In addition, Plaintiff alleged that Defendants furthered the conspiracy by seeking approval of the settlement agreement between the SCDOT and Landlord and misrepresenting that Paul agreed with its terms. *Id.* at 10 (Plaintiff described this order as void and predetermined). Plaintiff suggested that Judge Lloyd's decision to grant a motion approving the

---

[2] As noted above, *Paul I* was dismissed on Defendants' motion. *Paul II* was dismissed based on pre-service review.

settlement is evidence of bribery. *Id.* Finally, Plaintiff suggests the existence of a conspiracy is supported by Defendants' joint actions in seeking disbursement of the settlement proceeds and in seeking an injunction against further action by Plaintiff during the pendency of his third appeal in the course of the condemnation proceeding. *Id.*

The Original Report noted that "[a]ll of these actions . . . show only that the parties attempted to accomplish the goal of acquiring a property for use by the State." *Id.* at 10. It also noted the absence of allegations of any improper motivation on Ormond's part.[3] *Id.* Referring, *inter alia*, to the inference of bribery Paul would draw from the fact a state court judge ruled in favor of opposing parties, the Original Report noted that the court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor "unwarranted inferences, unreasonable conclusions, or arguments[.]" *Id.*[4] The Original Report also noted various legal roadblocks to Paul's claims against the SCDOT itself and the remaining SCDOT (employee) Defendants to the extent sued in their official capacity. *Id.* at 11-12 (addressing Eleventh Amendment immunity, sovereign immunity, and inapplicability of Section 1983 to a state).

**Order Adopting Original Report.** The undersigned adopted the Original Report, finding that the Original Complaint in this action "once again fails to state a claim upon which relief can be granted." ECF No. 15 at 3. With respect to the allegations of bribery, the court noted that Plaintiff

---

[3] In at least two places, the Original Report refers to an absence of "evidence." ECF No. 10, 11. In context, the references are clearly to an absence of factual *allegations* as the review at issue is review of a complaint.

[4] The Original Report also noted that Plaintiff had and availed himself of an opportunity to challenge the state court's decision through motions and appeals in the state courts and was, in fact, awarded compensation, though far less than he believed was warranted. *Id.* at 11. It also noted that Paul pursued a state tort case for civil conspiracy relating to the same underlying condemnation proceeding. *Id.* at 6 n.4 (quoting a document filed in *Paul I*).

6

had "not pleaded with any specificity the nature of the bribe" and that Plaintiff's "allegations do not suggest bribery." *Id.* at 3-4. For example, the order noted that allegations that Defendants met prior to a hearing and, at the hearing, "told Judge Lee that a settlement had been reached" suggested "that the parties were working towards a settlement, not that [they] bribed Judge Lee." *Id.* The order also noted that "alleg[ations] that Judge Lloyd granted a motion" did not raise an inference of bribery. For reasons explained in more detail below, the court reaches the same conclusion as to the allegations in the Amended Complaint.

## SUPPLEMENTAL REPORT

**Supplemental Report.** As the Supplemental Report explains, the Amended Complaint adds two Defendants, Iiene A. Buckles, personal representative of the estate of G.L. Buckles (the originally-named personal representative of the estate of Keith Buckles (all referred to collectively here as "Landlord")), and Reginald I. Lloyd, Esq. whose connection to this case is limited to his role as a state court judge. ECF No. 38 at 3. It also includes allegations (largely duplicative of allegations found in the Original Complaint) that various Defendants violated Plaintiff's right to due process by offering perjured testimony in state court and misleading and bribing Judge Lloyd. *Id.* The Amended Complaint also appears to allege that Plaintiff is a member of a protected class because he is proceeding *pro se* and was subjected to class-based, invidious discrimination based on his *pro se* status.[5] *Id.* at 3-4.

After review of the added allegations, the Supplemental Report recommends dismissal noting, in particular, that (1) the SCDOT is not only immune from suit in this court but is not a

---

[5] Plaintiff asserts that he should be treated as a *pro se* litigant throughout his state court proceedings, even though he was represented by Ormond (at least through the non-jury trial), because (per Plaintiff) Ormond was a co-conspirator with the remaining Defendants.

7

"person" subject to suit under 42 U.S.C. § 1983 (ECF No. 38 at 6); (2) Defendant Lloyd is entitled to absolute immunity because the allegations against him relate solely to his role as a state court judge (ECF No. 38 at 7); (3) the allegations against Defendant Iiene A. Buckles fail to allege facts suggesting personal participation in a violation of Plaintiff's constitutional rights (ECF No. 38 at 7); and (4) the factual allegations in support of Plaintiff's claim of conspiracy to violate due process or equal protection suggest only lawful participation in proceedings intended to allow the state to acquire property rather than raising a reasonable inference of an illegal conspiracy, including one involving bribery (ECF No. 38 at 7-9).

## DISCUSSION

The Fourth Circuit gave Plaintiff the opportunity to "proceed with this action in the district court by amending his complaint to provide specific facts showing his entitlement to the relief he seeks[.]"  This he has not done.

**Effect of Remand.**  Repeatedly in his objection memorandum, Plaintiff relies on the Fourth Circuit Court of Appeals' remand as precluding this court from considering certain grounds for dismissal, at least at this stage in the proceedings.  *See* ECF No. 40 at 6-7 (addressing immunities available to the SCDOT); *id.* at 9-10 (addressing immunities available to Judge Lloyd); *id.* at 14-15 (addressing sufficiency of his conspiracy allegations).  These arguments ignore the jurisdictional, rather than substantive, basis for the remand.  Thus, the court finds no merit in any argument that the Fourth Circuit's remand forecloses any of the bases on which the Original or Supplemental Reports recommend pre-service dismissal.

**Declaratory Relief.**  As to the SCDOT, Plaintiff also argues that his claim may proceed despite the Eleventh Amendment or sovereign immunity because he is seeking declaratory relief.

While Plaintiff's Amended Complaint does ask the court to "declare" a number of facts and legal conclusions to be true (ECF No. 30 ¶¶ 205 a-m), he does not seek declaratory relief in the legal sense because he does not seek a declaration relating to the future performance of official duties. *See Ex parte Young*, 209 U. S. 123 (1908) (recognizing exception to immunity where plaintiff seeks prospective relief against a state official in his official capacity *to prevent future violations*). Instead, Plaintiff seeks an award of actual, consequential and special damages (*id.* ¶¶ 206 n-p). That these damages are sought based on the requested declarations of fact and law is not sufficient to convert the claim to one for declaratory relief.

**Bribery (and Conspiracy) Allegations.** Plaintiff notes, correctly, that, even if Judge Lloyd is immune from suit for the alleged bribery, that immunity would not extend to other Defendants. The critical distinction was explained in *Dennis v. Sparks*, as follows:

> Private persons, jointly engaged with state officials in the challenged action, are acting . . . "under color" of law for purposes of § 1983 actions. . . . Of course, merely resorting to the courts and being on the winning side of the lawsuit does not make a party a co-conspirator or a joint actor with the judge. But here the allegations were that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge. Under these allegations, the private parties conspiring with the judge were acting under color of state law; and it is of no consequence in this respect that the judge himself is immune from damages liability.

*Dennis*, 449 U.S. at 27-28.[6]

---

[6] Plaintiff argues that the absolute immunity defense cannot be considered as to Judge Lloyd because this is an affirmative defense that has not (yet) been raised. ECF No. 40 at 11. It is, however, beyond doubt that Judge Lloyd is entitled to absolute immunity because the alleged misdeeds were, even if the result of bribery, acts within his jurisdiction (issuance of orders in a case properly before him). *Dennis v. Sparks*, 449 U. S. 24, 27 (1980) (noting that, since 1872, the Court had "consistently adhered to the rule that judges defending against § 1983 actions enjoy absolute immunity for damages liability for acts performed in their judicial capacities" (internal quotation marks and citations omitted)). Such defenses are, moreover, frequently relied on as a basis for pre-service dismissal. *See*, *e.g.*, *Coleman v. Rock Hill Municipal Court*, 550 Fed. Appx. 166 (4th Cir. 2014) (affirming pre-service dismissal of claim against a judge under 28 U.S.C. § 1915(e)(2)(B) based on absolute judicial immunity).

Thus, proper factual allegations of a conspiracy, including a conspiracy involving bribery of a judge, would suffice to state a claim against the non-judicial Defendants.  Here, however, the allegations are not sufficient under current pleading standards.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible."); *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012) ("Plausibility requires that the factual allegations be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." (internal quotation marks and alteration omitted)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (noting "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief" and that determining whether a claim is sufficient is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense") (internal quotation marks omitted).  Bald allegations of bribery are not sufficient without facts supporting an inference that bribery is a plausible, as opposed to a merely possible, explanation for the challenged action.  *Mikhail v. Kahn,* 2014 WL 3309172 * 2 (3d Cir. 2014) (finding bald allegations of conspiracy between opposing party and judicial officials insufficient because plaintiff "failed to allege plausible facts sufficient to support a claim of joint activity" and noting that, post *Iqbal*, a plaintiff must "assert facts from which a conspiratorial agreement can be inferred"); *Stokes v. Lusker*, 425 Fed. Appx. 18, 22 (2d Cir. 2011 (finding "speculation about bribes [of board members] cannot 'nudge[] . . . claims across the line from conceivable to plausible.'").

In arguing that his allegations of conspiracy and bribery suffice, Plaintiff asserts that the "sequence of events . . . shows that defendants attempted to accomplish the goal of acquiring the property . . . without payment of just compensation to Paul, a SCDOT Scheme" and "none of the parties challenged the state officials' right to condemn or objected to the State (SCDOT) acquiring the property." ECF No. 50 at 15. These and related allegations do not raise an inference of conspiracy to deprive Plaintiff of any legal right, much less a conspiracy achieved through bribery of judicial officers. Instead, they suggest that Defendants (other than Ormond) took a litigation position contrary to the position taken by Plaintiff and that the court ultimately accepted these Defendants' position rather than Plaintiff's position.[7] That some statements may have been made in the proceedings that mischaracterized or misrepresented Plaintiff's actions or positions was a matter for correction in the state court proceedings. While not necessary to this court's ruling, it is clear from Plaintiff's allegations that he had an opportunity to and did offer contrary argument (in the state trial court and on appeal). That Plaintiff was unsuccessful in those arguments does not raise an inference of conspiracy (including one involving bribery) because it does not move such an inference into the realm of plausible as opposed to merely possible malfeasance.

**Personal Representative of Estate.** As to Iiene A. Buckles, Plaintiff argues the allegations in the Amended Complaint show personal participation in a conspiracy because Plaintiff made a claim against the estate which the estate denied. ECF No. 40 at 13. This argument misses the mark because, even if it suggests some action by this Defendant (or the estate she represents), it does not

---

[7] Plaintiff's allegations relating to his own attorney, Ormond, suggest a disagreement between counsel and client regarding legal strategy, quite possibly based on differences regarding what was legally permissible. Even if the attorney violated some duty to the client as a result of such disagreements (and the court is not suggesting that any such violation occurred), it would not suffice to support a claim that the attorney engaged in a conspiracy with opposing parties.

raise an inference that the alleged action was part of a conspiracy to violate Plaintiff's constitutional rights.

**De Novo Review.** As noted above, this court has conducted a detailed, *de novo* review of Plaintiff's Amended Complaint. This review confirms that Plaintiff's allegations of conspiracy and bribery rest on unwarranted inferences drawn from his disagreement with his attorney's advice and handling of the case, motions filed and actions taken by opposing counsel and parties *within the judicial proceedings*, and judicial rulings.

The allegations relating to the parties and their counsel suggest the parties engaged in settlement and similar negotiations as is typical in legal proceedings. They also suggest that Landlord and the SCDOT acted cooperatively in opposing Plaintiff's claims, consistent with their settlement agreement. Nothing in these actions or the cooperation provision in the settlement agreement between the SCDOT and Landlord suggests the existence of a conspiracy to deprive Plaintiff of his constitutional rights to due process or equal protection. The same is true as to any alleged misstatements of Plaintiff's position in the course of the proceedings, which Plaintiff, in any event, had the opportunity to and did address in the state court proceedings.

As to judicial rulings, Plaintiff makes various allegations that Defendants attempted to mislead and bribe three state court judges and, in fact, did mislead and bribe Judge Lloyd, and possibly misled a third judge, Judge Thomas Cooper. Plaintiff offers nothing other than speculation in support of these allegations, based on the judges' granting of motions Plaintiff opposed and believes were improperly granted. These allegations do not give rise to a reasonable inference of bribery.

In sum, after conducting a *de novo* review of the Amended Complaint and Plaintiff's objections to the Report, and considering the record and applicable law, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order as corrected and supplemented above and dismisses this action.[8]

## CONCLUSION

For reasons stated in the Report, the court dismisses the action without prejudice and without issuance and service of process. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 8, 2014

---

[8] The sole correction relates to the reference to "evidence" rather than "allegations." *See supra* n. 3.