IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ronald I. Paul,<br><br>        Plaintiff,<br><br>v.<br><br>SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION; PAUL D. DE HOLCZER, individually and as a partner of the law Firm of Moses Koon & Brackett PC; IIENE A. BUCKLES, as personal representative of the Estate of G.L. Buckles individually and Iiene A. Buckles individually, G.L. BUCKLES, as Personal Representative of the Estate of Keith J. Buckles and G.L. Buckles individually personal representative Keith J. Buckles; MICHAEL H. QUINN, individually and as senior lawyer of Quinn Law Firm LLC; J. CHARLES ORMOND, JR., individually and as a partner of the Law Firm of Holler, Dennis, Corbett, Ormond, Plante & Garner; OSCAR K. RUCKER, in his individual capacity as Director, Rights of Way South Carolina Department of Transportation; MACIE M. GRESHAM, in her individual capacity as Eastern Region Right of Way Program Manager, South Carolina Department of Transportation; NATALIE J. MOORE, in her individual capacity as Assistant Chief Counsel, South Carolina Department of Transportation; REGINALD I. LLOYD, in his individual capacity as Circuit Court Judge, Richland County Court of Common Pleas, 5th Circuit,<br><br>        Defendants. | C/A NO. 3:13-1852-CMC-PJG<br><br>**OPINION and ORDER DENYING MOTION UNDER FED. R. CIV. P. 59(e) & 15(a))** |

This matter is before the court on Plaintiff's "Motion for Reconsideration with leave to amend pursuant to Fed. R. Civ. P. 59(e) and 15(a)." ECF No. 46. Both aspects of this motion are denied for reasons set forth below.

Despite expressly conceding that none of the grounds for modification of a judgment under Fed. R. Civ. P. 59(e) apply to his motion, Plaintiff argues that the court should modify its prior ruling and allow him to file (another) amended complaint "because the District Judge raised new issues, not raised by the Magistrate Judge that deprived Paul of due process of law, to answer and object to these claims and issues." ECF No. 46 at 2. Plaintiff attaches a supporting memorandum and a proposed amended complaint.

Despite his concession, the court assumes for purposes of this order that Plaintiff's arguments fall within the third ground for modifying a judgment: to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Plaintiff has, however, failed to demonstrate any such error or injustice.

Plaintiff argues that the court's most recent dismissal of this action was precluded by the Fourth Circuit Court of Appeals' remand of the matter under the law of the case doctrine and in light of the Fourth Circuit's mandate. ECF No. 46-1 at 1-6. As explained in this court's prior order, this argument fails because the Court of Appeals remanded the matter based on its conclusion that the appeal was interlocutory. ECF No. 43 at 8 ("Effect of Remand"). The Court of Appeals did not, as Plaintiff suggests, make any determinations as to the sufficiency of Plaintiff's allegations or viability of his claims. Therefore, neither the Court of Appeals' order remanding the matter nor its subsequent mandate limit the scope of this court's review on remand.

Plaintiff also argues that the court erred in dismissing his complaint without allowing him leave to amend. This ignores both the proceedings in this case and Plaintiff's two earlier related actions in this court. As explained in this court's prior order, this court has, over the course of the three proceedings, reviewed multiple complaints relating to the same basic dispute. *See* ECF No. 43 at 2-4. The particular ruling which Plaintiff now challenges was, in fact, a review of an *amended* complaint

2

in Plaintiff's third related action. Under these circumstances, it was not error for the court to dismiss without affording Plaintiff a further opportunity to amend.

The court, therefore, denies Plaintiff's motion to reconsider (or to alter or amend the judgment) as well as his motion to amend.[1]

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 22, 2014

---

[1] As noted in this court's pre appeal order denying Plaintiff's motion to reconsider or alter and amend the first order of dismissal and judgment, the court cannot consider the motion to amend unless it first rescinds the judgment. ECF No. 21 at 2 (citing *Calvary Christian Center v. City of Fredericksburg*, 710 F.3d 536 (4th Cir. 2013) ("a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated")). Even if the court were to entertain the motion to amend, it would find it deficient as Plaintiff offers no explanation as to how the present (89 page) complaint differs from his earlier complaints or cures the previously and repeatedly noted deficiencies.